J-S31009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                              :                  PENNSYLVANIA
                                                              :
                            v.                                :
                                                              :
                                                              :
                                                              :
KEVIN A. MAXWELL                                :
                                                              :
                    Appellant                       :  No. 1834 EDA 2017

Appeal from the PCRA Order May 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012238-2010,
CP-51-CR-0012242-2010

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 09, 2018**

Following his conviction by a jury of two counts each of rape and sexual assault and one count of involuntary deviate sexual intercourse ("IDSI"),[1] Appellant, Kevin A. Maxwell, appeals *pro se* from the May 3, 2017 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

We previously summarized the facts of the crimes and the initial procedural history as follows:

> In December 2008 and January 2009, Appellant raped two prostitutes.  In both cases, Appellant found his victims while driving his pickup truck.  Appellant offered to pay the victims for sex and drove each woman to the back of a nearby cemetery. After parking his vehicle, Appellant refused to pay his victims, threatened them with violence, and raped them.  Appellant left

---

[1] 18 Pa.C.S. §§ 3121, 3124.1, and 3123, respectively.

each victim naked in the cemetery. Appellant also took nude photographs of one of the victims, and he demanded money or a cell phone from the other victim.

On February 15, 2012, a jury convicted Appellant of two counts each of rape and sexual assault and one count of IDSI. At the conclusion of the proceedings, the court ordered a pre-sentence investigation ("PSI") report and deferred sentencing. With the benefit of the PSI report, the court conducted Appellant's sentencing hearing on November 16, 2012. For the rape convictions, the court sentenced Appellant to consecutive terms of six (6) to twelve (12) years[ of] imprisonment.[2] The court imposed a concurrent term of six (6) to twelve (12) years[ of] imprisonment for the IDSI conviction, and it imposed no further penalty for the sexual assault convictions. Thus, the court sentenced Appellant to an aggregate term of twelve (12) to twenty-four (24) years[ of] imprisonment.

> [2] With a prior record score of zero (0) and an offense gravity score of twelve (12), the standard range for Appellant's rape convictions was forty-eight (48) to sixty-six (66) months, plus or minus twelve (12) months for aggravating or mitigating circumstances.

***Commonwealth v. Maxwell***, 93 A.3d 499, 3446 EDA 2012 (Pa. Super. filed

December 4, 2013) (unpublished memorandum at 1–2).

Appellant timely filed a motion for reconsideration of sentence on

November 26, 2012, claiming the court imposed aggravated-range sentences

for the rape convictions without proper consideration of mitigating factors.

The trial court eventually entered an order denying the post-sentence motion

by operation of law. Appellant filed a notice of appeal, and both Appellant and

the trial court complied with Pa.R.A.P. 1925.

We affirmed Appellant's judgment of sentence on December 4, 2013.

***Maxwell***, 3446 EDA 2012. Our Supreme Court denied Appellant's petition for

allowance of appeal on May 22, 2014. *Commonwealth v. Maxwell*, 92 A.3d 811, 1 EAL 2014 (Pa. filed May 22, 2014). Appellant did not seek further review in the United States Supreme Court.

On September 18, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who sought to withdraw on January 31, 2017, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), asserting that the PCRA petition was untimely. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition on February 1, 2017. On February 21, 2017, Appellant, *pro se*, wrote a letter to the PCRA court stating, "I realize and accept that my appeal and PCRA [were] denied. All I'm looking for now is to be credited with the time I did in Philadelphia Count[y] jail." Motion for Credit for Time Served, 2/21/17, at 2. The PCRA court dismissed Appellant's petition on May 3, 2017, and permitted PCRA counsel to withdraw. Appellant filed the instant timely appeal *pro se* on May 30, 3017. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether or not the trial attorney for the petitioner was ineffective during any of the proceedings?

2. Whether the trial court erred by imposing an illegal sentence on the petitioner and/or the sentence exceeded the lawful maximum?

3. Whether the trial court erred in not correctly computing sentence and giving the petitioner his proper time credit for time served?

- 3 -

4. Whether the trial court erred in imposing an unconstitutional sentence?

Appellant's Brief at v.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

Initially, we must determine whether the PCRA court had jurisdiction to review the merits of Appellant's issues. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). Here, Appellant's judgment of sentence became final on August 20, 2014, when the time expired to seek relief in the United States Supreme Court.[2] *See* 42 Pa.C.S. § 9545(b)(3) (for purposes of calculating the timeliness of a petition, a "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13 (petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review). Therefore,

---

[2] In his *Turner*/*Finley* letter, PCRA counsel asserted that Appellant's judgment of sentence became final on May 22, 2014, upon denial of Appellant's petition for allowance of appeal. Counsel was incorrect. 42 Pa.C.S. § 9545(b)(3) (a "judgment becomes final at the conclusion of direct review, **including discretionary review in the Supreme Court of the United States** and the Supreme Court of Pennsylvania**, or at the expiration of time for seeking the review**.") (emphasis added). Nevertheless, based upon the correct application of 42 Pa.C.S. § 9545(b)(3), counsel's conclusion that Appellant's petition was untimely is accurate.

Appellant had until August 20, 2015, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1) (A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . . ."). Appellant filed the instant PCRA petition on September 18, 2015. Hence, the petition is facially untimely.

The jurisdictional time bar can be overcome only by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii).[3] **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). Further, "[a]ny petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. **Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2013).

---

[3] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Appellant's first issue asserts ineffective assistance of trial counsel, but Appellant relates the claim to credit for time served on his sentence. Appellant's other issues all relate to his sentence as well. Thus, we address the claims together.

On appeal, Appellant does not invoke any specific exception to the PCRA's time bar; indeed, he makes no argument concerning the timeliness of the petition. Regarding his purported allegation of ineffective assistance of counsel, Appellant suggests counsel "failed to conduct a thorough investigation," and "did not raise any of the claims of the Appellant." Appellant's Brief at 1. He complains trial counsel did not "receive approval for the brief being filed," purportedly in Appellant's direct appeal. *Id*.

To plead and prove the ineffective assistance of counsel ("IAC"), a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super.

2003) (*en banc*). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citing ***Commonwealth v. Albrecht***, 720 A.2d 693, 701 (Pa. 1998)).

None of Appellant's assertions are sufficient to assert counsel's ineffectiveness. Appellant does not identify the claims Appellant wished to present that counsel failed to raise; he does not state how or why counsel's investigation was faulty. He cites no case law in support and fails to cite to the record. We conclude that his purported allegations of ineffectiveness are waived. ***Commonwealth v. Perez***, 93 A.3d 829, 838 (Pa. 2014) (claims failing to advance developed argument or citation to supporting authorities and record are waived). Moreover, even if not waived, we note that a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on merits. ***Commonwealth v. Perrin***, 947 A.2d 1284, 1287 (Pa. Super. 2008)).

Appellant's other issues relate to his sentence. Appellant makes a conclusory claim that his sentence was beyond the Sentencing Guidelines, but he does not assert anything beyond that observation. Appellant's Brief at 3. He vaguely alludes to ***Alleyne v. United States***, 570 U.S. 99 (2013), and suggests he was sentenced to a mandatory minimum sentence. ***Id***. at 3, 5.

Appellant posits that he was never credited for time served for the period November 17, 2009, to August 4, 2011. *Id*. at 3.

As we observed *supra*, Appellant fails to reference any of the exceptions to the PCRA time bar. To the extent Appellant attempts to invoke the newly discovered facts exception based upon the decision in **Alleyne**, we observe that Appellant is contending that his sentence is illegal. To the extent Appellant attempts to invoke the newly-recognized constitutional right exception under section 9545(b)(1)(iii), we note that he filed the instant PCRA petition more than sixty days after **Alleyne** was decided.[4] 42 Pa.C.S. § 9545(b)(2); **see also Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to a[ newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Furthermore, it is well settled that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) (citations omitted). Moreover, the decision in **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Indeed, herein, Appellant was not

---

[4] **Alleyne** was decided on June 17, 2013. Appellant filed the instant PCRA petition on September 18, 2015.

sentenced to a mandatory minimum sentence. Sentencing Order, 11/16/12. To the extent Appellant suggests he received an illegal sentence that was "beyond the prescribed fixed penalty associated with the offense," Appellant's Brief at 3, Appellant is wrong. The trial court did not impose a sentence beyond the statutory maximum penalty for the crime of rape. *Id*. Finally, Appellant previously raised and this Court addressed the propriety of his aggravated-range sentences for rape in his direct appeal. *Maxwell*, 3446 EDA 2012. For all of these reasons, Appellant's attempts to invalidate his sentence fail.

Appellant also maintains that he did not receive proper credit for time served. If Appellant's challenge is to the trial court's failure to award credit for time spent in custody prior to sentencing, such a challenge involves the legality of sentence and is cognizable. *Commonwealth v. Menezes*, 871 A.2d 204 (Pa. Super. 2005). Such a claim, however, still must first satisfy the PCRA's time limits, *Commonwealth v. Fahy*, 237 A.2d 214 (Pa. 1999), and *Commonwealth v. Fowler*, 930 A.2d 586 (Pa. Super. 2007), and as explained, Appellant did not.[5]

---

[5] If Appellant is suggesting he was not credited for the correct period, Appellant's Brief at 3, such a claim is properly addressed in an original action in the Commonwealth Court. *Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014); *Commonwealth v. Hollawell*, 604 A.2d 723, 725 (Pa. Super. 1992).

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/18

- 11 -